IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.P.T., <br><br> Petitioner, <br><br> v. <br><br> LEONARD ODDO, *in her official capacity as Warden of the Moshannon Valley Processing Center, et al.*, <br><br> Respondents. | Case No. 3:25-cv-367 <br> Judge Stephanie L. Haines |

## ORDER

Pending before the Court is Petitioner U.P.T.'s ("Petitioner") Emergency Motion for Temporary Restraining Order ("T.R.O.") to prevent Petitioner's transfer from Moshannon Valley Detention Center ("MVDC"). Petitioner contends that the All Writs Act or its Inherent Authority or alternatively under Rule 65(B) provide the Court with a legal basis to prevent the transfer. Petitioner asserts that his location should be preserved to the Pennsylvania, New York or New Jersey area to safeguard access to counsel, effective participation in any renewed bond hearing, and the Court's ability to resolve the habeas petition on a full and reliable record. ECF No. 14-1, p. 6.

Petitioner has a pending Petition for Writ of Habeas Corpus (ECF No. 1) challenging his civil detention under 8 U.S.C. § 1226(a) on two grounds, (1) a plainly unconstitutional bond process and (2) detention that has become unconstitutionally prolonged. ECF No. 14-1, p. 6. He has been detained at MVDC for over a year. ECF No. 14-1, p. 12. Petitioner now seeks a T.R.O. because the threat of transfer to another facility has escalated to an immediate threat. Counsel for Petitioner has been unable to complete a scheduled legal call since November 11, 2025, and Petitioner's commissary account has been closed. ECF No. 14-1, p. 5. Petitioner contends that these occurrences signal imminent transfer to another facility and such transfer should be enjoined.

This Court lacks the authority to grant the relief requested from Petitioner who is in custody pursuant to the Immigration and Nationality Act ("INA") because it raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA,* 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings … and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS,* 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan,* 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006); *see Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44

F.3d 1251, 1256 (4th Cir. 1995)). In light of these principles, the Court finds that it does not possess jurisdictional authority to enjoin Respondents from transferring Petitioner. Therefore, the Court must deny Petitioner's Motion for a T.R.O. due to jurisdictional issues.[1]

Here, upon review of Petitioner's Emergency Motion for a T.R.O., the Court finds that it must deny the T.R.O. based on jurisdictional issues. Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion (ECF No. 14) is **DENIED**.[2]

**IT IS FURTHER ORDERED** that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

DATED: November 21, 2025:                BY THE COURT:

                                         _____
                                         STEPHANIE L. HAINES
                                         UNITED STATES DISTRICT JUDGE

---

[1] *See also Lin v. Bondi et al.* 3:25-cv-321 (W.D. Pa. Nov. 18. 2025) (finding the Court lacked jurisdiction to prevent transfer between facilities and denied T.R.O. (ECF No. 15))

[2] Given that the Court finds that it lacks jurisdiction to prevent transfers between detention centers it declines to analyze the facts of this case under the All Writs Act or Federal Rule of Civil Procedure 65. It notes, however, that it cannot discern from the facts provided that Petitioner would suffer any due process violation because representation of Counsel currently is a distance from MVDC and it is unknown whether a transfer between facilities would hinder vigorous representation going forward. Therefore, whether preventing the transfer is "necessary and appropriate", *see* 28 U.S.C. § 1651(a) (The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), or whether it has been clearly shown that irreparable harm will result from the transfer between facilities, FRCP 65(A), is not clear.